UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PERRY PITCHFORD,                              )
                                              )
                    Petitioner,               )
                                              )
            vs.                               )          Case No. 4:22 CV 170 JMB
                                              )
MICHELLE BUCKNER,[1]                          )
                                              )
                    Respondent.               )

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Perry Pitchford's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I.      Procedural Background

Petitioner is held by the Missouri Department of Corrections pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri.  In 2016, a jury convicted him of robbery in the first degree and armed criminal action (Doc. 13-5 p. 4).  He was sentenced to concurrent terms of 30 years' imprisonment on the robbery count and 50 years' imprisonment on the armed criminal action count (Id. p. 4; Doc. 13-10, p. 2).   On March 28, 2017, the Missouri Court of Appeals affirmed his conviction and sentence (Doc. 13-5).   Following an evidentiary hearing, Petitioner's motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied by the trial court on August 8, 2019 (Doc. 13-7, p. 7).  On May 11, 2021, the Missouri Court of Appeals affirmed the denial of postconviction relief (Doc. 13-10).  On February 11, 2022, Petitioner timely filed his § 2254 petition and filed an amended petition

---

[1] Michelle Buckner is Petitioner's current custodian and is substituted for David Vandergriff pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

on April 12, 2022 (Doc. 7).  He asserts five grounds for relief that include two evidentiary claims and three claims of ineffective assistance of trial counsel.  Respondent filed a response in opposition (Doc. 13) to which Petitioner replied (Doc. 21), rendering this matter fully briefed.

II.      **Factual Background**

On April 28, 2015, two victims were celebrating a birthday at a bar on Washington Avenue in St. Louis, Missouri.  Petitioner and another man joined them until the bar closed.  Once they left the bar, Petitioner offered to give the victims a ride in his car.  The four entered Petitioner's car, with Petitioner driving, the other man from the bar in the passenger seat, and a third man in the back.  After they sat in the car for a while, Petitioner started driving for about a mile but then abruptly pulled over.  At that point, the front passenger pointed a gun at the victims and Petitioner demanded money.  Petitioner then reached back, snatched one victim's purse, and extracted $600.00.  The victims were let out of the car and Petitioner drove off.  According to Petitioner's testimony at trial, he was unaware that the front passenger had a gun, it was the front passenger who demanded money and took the victim's purse, and he then turned the gun on Petitioner and demanded that he drive away.  Thus, Petitioner claimed that he did not plan the robbery nor was he aware that it was going to happen.

While Petitioner was detained prior to trial, his telephone conversations were recorded.  One such recording was used at trial to rebut Petitioner's testimony that he did not attempt to contact or pay off the victims.

Additional facts will be included as necessary to address the issues.

III.     **Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if the state court's determination:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Brown, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410–11).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct

unless the petitioner rebuts the presumption with clear and convincing evidence.  Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1).  Erroneous findings of fact by the state courts do not ensure the grant of habeas relief.  Rather, the determination of these facts must be unreasonable in light of the evidence of record.  Id.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  With respect to the first Strickland prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.  Id. at 689.  Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant."  Burt v. Titlow, 571 U.S. 12, 22–23 (2013) (quotation marks and citation omitted).  Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689; see also Abernathy v. Hobbs, 748 F.3d 813, 816 (8th Cir. 2014) (reviewing court must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions.")  (citation omitted)).

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome."  Paulson v. Newton Corr. Facility, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted).  Although

Strickland requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective — [courts] need not first make a determination regarding deficiency." Holder v. United States, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, 563 U.S. 170, 202 (2011)).

> First, under Strickland, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. Strickland, 466 U.S. at 696. . . . To satisfy Strickland, the likelihood of a different result must be "substantial, not just conceivable." Id. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment.  So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect.  [Harrington v. Richter, 562 U.S. 86, 112, 101], 131 S. Ct. 770, 792, 785 (2011).  This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at [102].

Williams, 695 F.3d at 831–32.  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.  Furthermore, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct.  Odem v. Hopkins, 382 F.3d 846, 849 (8th Cir. 2004).

## IV.    Discussion

Petitioner asserts five grounds for relief: (1) the trial was fundamentally unfair when the trial court denied his request to exclude the jail house recording; (2) his due process rights were violated when the trial court allowed propensity evidence (evidence of prior convictions) to be

admitted during his cross-examination; (3) trial counsel was ineffective for failing to investigate his defense and witnesses "due to a financial conflict of interest"; (4) trial counsel was ineffective for failing to interview and call a victim; and, (5) trial counsel was ineffective for failing to investigate and produce photographs of Petitioner's car that would corroborate his testimony. Petitioner seeks an evidentiary hearing on his last two grounds of ineffective assistance of trial counsel. Respondent counters that Petitioner is not entitled to an evidentiary hearing, that four of the five claims are procedurally defaulted, and that the claims are without merit.

### A.      Procedural Default

Respondent first argues that Grounds 1, 2, 4, and 5 are procedurally defaulted and that Petitioner has not shown cause and prejudice to excuse the default. In particular, Respondent argues that Grounds 1 and 2 raise errors that were not objected to at trial (resulting in discretionary plain error review by the Missouri Court of Appeals) and Petitioner did not present any evidence to support Grounds 4 and 5 before the state courts. Respondent notes that only Ground 3 was properly raised in state court and through a complete round of review.

State prisoners seeking habeas relief in federal court are typically limited to raising grounds that have been "fairly presented" in state court proceedings. Deck v. Jennings, 978 F.3d 578, 581 (8th Cir. 2020). Grounds raised in federal court that have not been presented in state court and for which there are no remaining state remedies are procedurally defaulted and should generally not be considered further. Dansby v. Payne, No. 19-3006 (8th Cir. 2022); Stephen v. Smith, 963 F.3d 795, 799 (8th Cir. 2020). Procedural default also occurs when a state court's decision on a question of federal law "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722,

729-730 (1991).  Such procedurally defaulted grounds may nonetheless be considered if a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice (i.e. actual innocence).  Bousley v. United States, 523 U.S. 614, 622 (1998); Coleman, 501 U.S. at 750; Morgan v. Javois, 744 F.3d 535, 538-539 (8th Cir. 2013).

"Ineffective assistance of state postconviction counsel does not usually provide cause for a procedural default, except for one 'narrow exception.'"  Deck, 978 F.3d at 582 (citing Coleman, 501 U.S. at 755 and Martinez v. Ryan, 566 U.S. 1, 9 (2012)).  In Martinez, the Supreme Court held that ineffective assistance of postconviction counsel can provide "cause" to excuse a defaulted ineffective-assistance-of-trial-counsel claim where (1) the claim of ineffective assistance of trial counsel was a "substantial" claim, and (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding.[2]  Harris v. Wallace, 984 F.3d 641, 648 (8th Cir. 2021) (citations omitted).

On direct appeal, Petitioner raised four grounds for relief: (1) that the trial court erred with respect to the jail house recordings; (2) that the trial court erred in giving a copy of instruction 5 (setting forth accessory liability) to the jury; (3) that the trial court erred in allowing the jury to hear that Petitioner was on parole at the time of the offenses; and (4) the trial court erred in allowing improper statements by the prosecutor before the jury venire panel (Doc. 13-3). In his brief appealing the trial court's determination of his Rule 29.15 motion, Petitioner raised three grounds for relief: (1) trial counsel was ineffective for failing to investigate his defense and witnesses due to a financial conflict of interest; (2) counsel was ineffective for failing to call the

---

[2] The Martinez exception has a third element: that the state collateral review proceeding was the "initial" review with respect to ineffective-assistance claims.  This element is satisfied because Missouri does not allow ineffective assistance claims to be raised on direct appeal and requires that they be raised in postconviction proceedings. Missouri Supreme Court Rule 29.15.

victim of the crime; and, (3) counsel was ineffective for failing to produce pictures of his vehicle which would have supported his testimony (Doc. 13-8).

### 1.  Grounds 1 and 2

Grounds 1 and 2 were raised on direct appeal before the Missouri Court of Appeals.  That court noted that Petitioner did not file a motion for a new trial and that "none of the points on appeal are preserved for appellate review" (Doc. 13-5, p. 4).  As a result, the Grounds were reviewed under a plain-error standard.  Under that standard, the state appellate court found that the state did not violate any evidentiary rule, that the trial court did not err in admitting the evidence, and that Petitioner failed to show "manifest injustice or a miscarriage of justice" as to the evidence (Doc. 13-5, p. 7).

These Grounds are procedurally defaulted because Plaintiff failed to raise and preserve them before the state trial court through a motion for a new trial, a state procedural rule. Coleman, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").  This procedural default is not excused by the state appellate court's plain error review of the Grounds.  Clark v. Bertsch, 780 F.3d 873, 876 (8th Cir. 2015).

 Petitioner side-steps the procedural default and argues that this Court should nonetheless consider the Grounds because the Missouri Court of Appeals addressed them on the merits albeit without considering the actual constitutional claims presented.  Again, these claims were denied by the state appellate court on an independent and adequate state law ground; therefore,

Petitioner must establish cause and prejudice for the default.  See Coleman, 501 U.S. at 729 ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.").  In making his argument, Petitioner claims that the state court's plain error review provides the cause and that an evidentiary hearing is required to establish prejudice to excuse the default.  Specifically, Petitioner argues that Clark was wrongly decided and contrary to Supreme Court precedent.  Petitioner's argument is bold, but ultimately not fruitful.

In Clark, the Eighth Circuit resolved a intra-circuit split with respect to whether a state court's "plain-error review of an unpreserved and otherwise procedurally defaulted claim 'cures' the default and opens the door to federal collateral review."  Id. 780 F.3d at 874.  In finding that such review does not cure a procedural default, the appellate court held that Hayes v. Lockhart, 766 F.2d 1247, 1253 (8th Cir. 1985), governs because it was the earliest panel opinion to address the issue.  Clark, 780 F.3d at 847 ("Hayes holds a federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error.").  Petitioner argues that the circuit court erred because Dietz v. Solem, 640 F.2d 126 (8th Cir. 1981), is the controlling panel decision, having been decided four years earlier than Hayes.  Petitioner is mistaken.  Deitz did not decide whether a state court merits review of a defaulted claim can be the "cause" to excuse a procedural default.  Rather, the appellate court remanded the case to the district court to determine whether cause existed.  Id. at 133 ("If the district court finds that petitioner has shown adequate cause for failing to object,

then the writ should issue. Conversely, if cause is not shown, habeas corpus relief should be denied based on failure to comply with an independent state procedural rule.").[3]

Petitioner next argues that the <u>Clark</u> court could not rely on <u>Hayes</u> because it was superseded by two subsequent Supreme Court decisions in <u>Harris v. Reed</u>, 489 U.S. 255 (1989),[4] and <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991).  Again, Petitioner is mistaken because neither <u>Harris</u> nor <u>Ylst</u> apply to this case or the issues at hand.  <u>Harris</u> held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar."  <u>Id</u>. 489 U.S. at 263 (quotations marks and citations omitted).  <u>Ylst</u> arguably narrowed the holding in <u>Harris</u> and held that an unexplained denial of a post-conviction petition, which raised a claim that was expressly denied on direct appeal on state law grounds, by a state court does not lift the procedural bar to raising the claim in federal court.  501 U.S. 797, 802.    In this case, there is no argument or showing of any ambiguity in the state court's determination of Grounds 1 and 2.[5]  Finally, even if Petitioner is correct, our Court is not at liberty to ignore the clear rule established in <u>Clark</u>.  Accordingly, Grounds 1 and 2 are procedurally defaulted and the state court's plain error review does not provide cause to excuse the default.

---

[3] On remand, the district court granted the writ but on a second appeal, the Eighth Circuit reversed.  <u>Dietz v. Solem</u>, 677 F.2d 672 (1982).  In doing so, the court did not address whether a plain error review is sufficient to establish cause to excuse a procedural default.  <u>Id</u>.

[4] Petitioner specifically refers to Justice Sandra Day O'Connor's concurring opinion.  <u>Id</u> at 268-271.  Petitioner does not explain his reliance on Justice O'Connor's opinion.

[5] In his traverse, Petitioner argues that <u>Clark</u> does not control because the Missouri Court of Appeals reached the merits of these arguments.  Although the state court addressed the merits, it clearly did so in the context of a plain error analysis.  The Missouri Court of Appeals was unequivocal on its conclusion that Petitioner failed to preserve these issues and that its review was for plain error only (Doc. 13-5, pp 4,5, and 9).

Petitioner makes _no_ other argument that there is cause and prejudice that would excuse the procedural default as to Grounds 1 and 2.  There is no showing that "some objective external" factor prevented him from raising these Grounds and that there is a reasonable probability that the outcome of the proceedings would have been different.  Marcyniuk v. Payne, 39 F.4th 988, 995 (8th Cir. 2022) (internal quotation marks and citations omitted).  Petitioner does not argue before this court that trial counsel and post-conviction counsel were ineffective in failing to raise these Grounds for relief; Petitioner merely argues that the trial _court_ erred in admitting the evidence.  And, there is no showing that Grounds 1 and 2 establish a fundamental miscarriage of justice.  As such, this Court finds that Grounds 1 and 2 are procedurally defaulted and there is no showing of cause and prejudice to excuse the default.

### 2.   Grounds 4 and 5

As set forth above, Petitioner's Grounds 4 and 5 assert that trial counsel was ineffective for failing to call a victim of the crime and for failing to present photographs of his car.  These Grounds were raised by post-conviction counsel in Petitioner's Rule 29.15 motion; however, no evidence was developed in the state court to support these Grounds.  As such, the state trial court found that the Grounds were without merit (Doc. 13-7).  Petitioner raised these grounds on appeal of his Rule 29.15 motion (Doc. 13-8).  The Missouri Court of Appeals found that Petitioner had abandoned these grounds by failing to present supporting evidence and that Petitioner did not meet his burden of showing that counsel was ineffective (Doc. 13-10).

Both Petitioner and Respondent assume that these Grounds were procedurally defaulted because Petitioner failed to present evidence in support of them before the state courts.  However, "[p]rocedural default occurs when a state court declines to hear a claim because the prisoner failed to abide by a state procedural rule."  Thomas v. Payne, 960 F.3d 465, 472 (8th

Cir. 2020) (quotation marks and citations omitted).  In this case, the state courts did not decline to hear Petitioner's ineffective assistance of trial counsel claims; rather, the courts found that Petitioner failed to present evidence to support the claims.  Essentially, the state courts found that Petitioner did not establish that counsel's performance was deficient and, because of lack of evidence, could not show that he was prejudiced as the result of any alleged deficiency.  The Court will assume that these grounds are not procedurally defaulted and will consider the merits.

### B.  Ineffective Assistance of Counsel

Petitioner cannot satisfy the "doubly deferential" standard required to obtain habeas relief on his claims arising from trial counsel's failure to investigate and introduce evidence as set forth in Grounds 3, 4, and 5.  First, the Missouri Court of Appeals correctly identified the Strickland legal standard governing his grounds for relief.  Second, the decision to defer to trial counsel's strategic decisions was not an unreasonable application of Strickland.  And, third, Petitioner is not entitled to an evidentiary hearing to develop these grounds.

In his briefs, Petitioner raises these grounds for relief, provides the legal framework for analyzing his claims, but offers only conclusory arguments in support of his claims.  He does not provide any robust explanation of how counsel was ineffective and how he was prejudiced as a result.  He further does not explain, provide an argument, or set forth a theory as to how the state courts erred in resolving these claims.  The Court is mindful that this lack of an analysis is perhaps due to the undeveloped record which is why Petitioner requests a hearing.  However, Petitioner does not appear to be entitled to such a hearing.

Evidentiary hearings in habeas proceedings are exceedingly rare and granted in only the most limited circumstances:

**(2)** If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

>**(A)** the claim relies on—

>>**(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>>**(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and

>**(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(2). Petitioner has made no such showing, or indeed argument, that would support an evidentiary hearing. Petitioner does not rely on a new rule of constitutional law that may retroactively apply to his case and there is no evidence of a factual predicate that could not have been discovered through the exercise of due diligence. As such, an evidentiary hearing is not warranted in this case. See Mcquiggin v. Perkins, 569 U.S. 383, 396-397 (2013)

As to Grounds 4 and 5, Petitioner also asserts that post-conviction counsel was ineffective for failing to develop the record and that he is therefore entitled to a hearing. Ineffective assistance of post-conviction counsel cannot be a basis for federal habeas relief. 28 U.S.C. §2254(i). And, because these claims were not procedurally defaulted, whether or not post-conviction counsel was ineffective is irrelevant to the question of whether Petitioner is entitled to relief or a hearing. Thus, Martinez has no bearing on this case. Likewise, Shinn v. Ramirez, __ U.S. __, 147 S.Ct. 1718 (2022), which considered whether an evidentiary hearing is permissible in cases where Martinez applies, is of limited applicability and merely underscores the general premise above, that an evidentiary hearing on a § 2254 petition is rare and not available in this case.

1.  **Ground 3: Failure to investigate due to a financial conflict of interest**

Petitioner argues that trial counsel was ineffective for failing to fully investigate his case because his full legal fees had not been paid.  In particular, he claims that counsel failed "to investigate and depose the alleged victims and witnesses" because Petitioner had not paid his legal fees in full (Doc. 7, p. 13).  Petitioner provides no other detail regarding this ground for releif or in what manner the state courts erred in analyzing this claim.  As set forth by the Missouri Court of Appeals, Petitioner claimed that counsel failed to depose the two victims and a witness named Michael Buckner.  After crediting counsel's testimony, the trial court concluded that counsel's financial interest did not affect counsel's decisions.  After correctly applying Strickland, the Court of Appeals found that Petitioner did not show that an actual conflict of interest adversely affected his interests because there was no evidence that counsel's fees affected his representation.  The court went on to find that there was no prejudice; one victim did testify at trial, there was no evidence that the other victim's potential testimony would be contrary to her prior statements, and Mr. Buckner was deposed and testified that he was not present during the robbery (Doc. 13-10, p. 4-5).  Thus, the state appellate court found that there was no actual conflict of interest and that, in any event, no prejudice to Petitioner.

The state court correctly identified the rule that to prevail on an ineffective assistance of counsel claim, Petitioner must show an actual conflict of interest negatively affected the attorneys' performance.  Cuyler v. Sullivan, 446 U.S. 335, 349-350 (1980); Mickens v. Taylor, 535 U.S. 162 (2002); Conger v. State, 398 S.W.3d 915, 919 (Mo. App. Ct. 2013).  Once an actual conflict of interest is found, prejudice may be presumed.  Cuyler, 446 U.S. at 349.  As to conflicts of interest because of fees, "[t]here is little question that a defendant's failure to pay fees may cause some divisiveness between attorney and client, but we presume that counsel will

continue to execute his professional and ethical duty to zealously represent his client, notwithstanding the fee dispute." United States v. O'Neil, 118 F.3d 65, 71-72 (2nd Cir. 1997). Petitioner has pointed to no case authority that holds that a failure to pay fees, without more, creates an actual conflict of interest. United States v. Taylor, 139 F.3d 924, 931-932 (D.C. Cir. 1998). There is no showing that counsel's conduct was unreasonable, that counsel acted adversely to Petitioner's interests, or that Petitioner suffered any prejudice as a result. There is no evidence that counsel "failed to pursue a reasonable alternative defense strategy because of the conflict." Kiley v. United States, 914 F.3d 1142, 1145 (8th Cir. 2019). The Missouri Court of Appeals found, and Petitioner does not dispute, that one victim testified at trial, that Mr. Buckner was not present during the robbery and declined to testify, and that there was no evidence that the other victim would have testified differently from her previous statements about the robbery. There being no showing of an actual conflict of interest and, secondarily, no prejudice, Petitioner is not entitled to relief on Ground 3.

## 2. Grounds 4 and 5: Trial Counsel was ineffective for failing to call a victim and for failing to produce photographs of his car

Petitioner argues that trial counsel was ineffective for failing to call or investigate a victim of the robbery and for failing to acquire photographs of his car showing bullet holes. Before the state court, he argued that the victim would have corroborated his testimony that he was not aware of the robbery and did not participate in it. He further argued that photographs of his car would have corroborated his testimony that the true perpetrator of the robbery shot his car as he was fleeing (Tr. 13-10, pp. 5-7). The state courts noted that Petitioner did not provide any evidence to support his claims and instead made conclusory allegations of what the evidence would have shown. He "failed to provide any evidence that KD (the victim) was available to testify, that she would have testified, and that she would have provided a viable defense as

opposed to corroborating the other victim" (Doc. 13-10, p. 6).  As to the photographs, the court found that Petitioner did not meet his burden because "he did not produce the photographs of his vehicle at the evidentiary hearing . . . . [and] did not establish that the photographs would have affected the outcome of the trial" in light of all the other evidence presented (Doc. 13-10, p. 8).

Again, the state court correctly identified the <u>Strickland</u> standard and found that counsel's choice of witness was a matter of trial strategy, and that Petitioner did not show that he was prejudiced; and, the court found that Petitioner did not show that he was prejudiced by the failure to produce the photographs.  Petitioner has not identified how the state courts erred in reaching their decisions.

The state courts found that the victim had been listed as a witness by the State but that she failed to appear; that there is no evidence that this would have changed had counsel subpoenaed her; and, Petitioner told counsel that he did not want any further witnesses to testify. The court credited counsel's statements that he consulted with Petitioner who indicated that he did not want to call any further witnesses.  Counsel is afforded "wide latitude" in making tactical decisions.  <u>Cullen</u>, 563 U.S. 195.  And, "[t]he decision not to call a witness is a virtually unchallengeable decision of trial strategy." <u>United States v. Staples</u>, 410 F.3d 484, 488 (8th Cir. 2005) (quotation marks and citation omitted).

While the state courts skirted the issue of whether the failure to produce the photographs showed a lack of reasonable diligence and skill, Petitioner has made no showing before this Court that counsel's representation was objectively unreasonable.  He has made no showing to rebut the strong presumption that counsel acted reasonably.  <u>Strickland</u>, 466 U.S. at 688-689 (holding that petitioner's bear the burden of demonstrating that counsel was ineffective).  To the

extent that Petitioner claims that counsel was disciplined and/or disbarred after his representation of Petitioner, while unfortunate, it has no bearing on whether he was ineffective in this case.

In any event, Petitioner has not shown that there was a substantial likelihood of a different result.  Harrington, 562 U.S. at 111–112.  Instead, Petitioner summarily argues, without supporting facts, that he was prejudiced by trial counsel's decisions and that the testimony and evidence would have corroborated his version of events.  As the Missouri Court of Appeals indicated, "[t]his is insufficient" (Doc. 13-10, p. 8).  A jury disbelieved Petitioner's version of events that was contradicted by other testimony and evidence including a victim of the crime.  There is no showing that the other victim's testimony would have been helpful to Petitioner and no showing that photographs of his car would have swayed the jury.

"[W]hile in some instances even an isolated error can support an ineffective-assistance claim if it is sufficiently egregious and prejudicial, it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy."  Harrington, 562 U.S. at 111 (quotation marks and citation omitted).  Thus, even if trial counsel's decisions can be considered egregious (which they are not as set forth above), a brief perusal of the state court's decision on direct appeal demonstrates that trial counsel competently defended Petitioner.  Accordingly, Petitioner has not satisfied the "doubly deferential" standard and he is not entitled to relief on any of the grounds raised.

* * * * *

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Perry Pitchford for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 1, 7) is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-338 (2003) (setting forth the standard for issuing a certificate of appealability).

A separate Judgment will accompany this Memorandum and Order.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of February, 2023.